FLORENCE JEFFERSON, A Minor, by THOMAS VARDINSKI, Respondent, v. THE GERMAN-AMERICAN MUTUAL LIFE ASSOCIATION, Appellant.

St. Louis Court of Appeals, February 2, 1897.

1. **Insurance, Life**: DEMURRER TO EVIDENCE: FAILURE TO STAND ON DEMURRER: APPEAL: ASSIGNMENT OF ERROR. On appeal, in a suit on a life insurance policy, an assignment of error, for refusal of the court, at the close of plaintiff's evidence, to grant an instruction of nonsuit, in the nature of a demurrer to the evidence, on the ground of plaintiff's failure to read in evidence the proofs of death, will be overruled, where defendant has failed to stand on his demurrer.

Jefferson v. Life Ass'n.

2. ——: PROOFS OF LOSS: WAIVER. A denial of liability under a policy of insurance, life or fire, on other grounds is a waiver of formal proofs. So, where an insurance company receives and retains proofs of loss which are insufficient and defective, and fails to make known its objections, such conduct will be evidence of waiver of proper proofs.

3. ——: CONTRACT: WARRANTY: PLEADING: ONUS. Where by the terms of the contract of insurance, the answers of the assured to questions propounded in the application were made warranties, and the answer averred that assured, in response to a certain question propounded in regard to her health, made a false answer, to which plaintiff replied denying the averment of the answer, the burden of proof was on defendant to prove the falsity of the answer complained of; and the court committed no error in refusing to direct the jury to find the issue for defendant.

4. ——: VERDICT: REFUSAL OF TRIAL COURT TO SET ASIDE: REVIEW OF, ON APPEAL. The refusal of the trial court to set aside the verdict of a jury, which in its opinion is not opposed to the weight of the evidence, will not be reviewed when the appellate court is satisfied there has been no palpable disregard of the law and the evidence, and that the court has not acted arbitrarily or shown any "unjudicial bias" in refusing to grant a new trial.

5. ——: TESTIMONY OF NONEXPERTS: EVIDENCE. *Held:* That under the facts developed by defendant's evidence in this case, the testimony of the intimate acquaintances of the assured as to the apparent condition of her health was competent and relevant to the issue.

*Appeal from the St. Louis City Circuit Court.*—HON. JACOB KLEIN, Judge.

AFFIRMED.

*Chester H. Krum* and *Carl Otto* for appellant.

There was no evidence of waiver. The allegations that proofs had been furnished in compliance with the condition of insurance stood denied, and respondent's case failed in a material point, because of the entire absence of necessary evidence. *Sheehan v. Ins. Co.*, 53 Mo. App. 351; *Haggard v. Ins. Co., Id.* 98; *McCullough v. Ins. Co.*, 113 Mo. 606.

By the terms of insurance, the answers to questions in the application were made warranties. The appel-

lant being an assessment company, the statute abolishing the distinction between warranties and representations, does not apply. *Hanford v. Mass. Ben. Ass'n,* 26 S. W. Rep. 680.

In the light of the record, appellant was entitled to a peremptory instruction. *Drake v. R. R.,* 51 Mo. App. 562; *Felix v. Bevington,* 52 *Id.* 403; *Reichenbach v. Ellerbe,* 115 Mo. 588; *Ehrlich v. Ins. Co.,* 103 *Id.* 231.

The verdict falls clearly within the well established rule, that the appellate court will set aside the finding of a jury, which can only be accounted for as having been the result of passion or prejudice. *Empy v. R. R.,* 45 Mo. App. 422; *Lovell v. Davis,* 52 *Id.* 342; *Boggess v. R. R.,* 118 Mo. 328; *Spohn v. R. R.,* 87 *Id.* 74.

*O. J. & R. Lee Mudd* for respondent.

The court will not consider whether the trial court should have given the instruction asked at the close of plaintiff's case, as defendant did not stand on the instruction, but continued the trial, offering proofs on its own behalf. The court will consider the instruction in the nature of a demurrer to the evidence, as if offered at the close of all the evidence. *Felix v. Devington,* 52 Mo. App. 403; *Hilz v. R'y,* 101 Mo. 36.

Defendant denied all liability under the policy, which dispensed with proofs of loss. It also waived condition that payment was not to be made till ninety days after furnishing proofs. 2 May on Ins. [3 Ed.], secs. 468, 469.

Upon receiving the proofs defendant retained them without objection, and can not now raise the question of their sufficiency. 2 May on Ins. [3 Ed.], sec. 465, p. 1076.

It would have been error in the court to have given an instruction directing a verdict. *Bryan v. Weir*

*et al.*, 4 Mo. 110; *Vaux v. Campbell*, 8 *Id.* 227; *McAfee v. Ryan*, 11 *Id.* 364; *Steamboat v. Matthews*, 28 *Id.* 248; *Gregory v. Chambers*, 78 *Id.* 298, 299; *Wolff v. Campbell*, 110 *Id.* 120; *Huston v. Tyler*, 36 S. W. Rep. 654.

What weight, if any, shall be given to the opinion of an expert, is a question for the jury. 7 Am. and Eng. Ency. of Law, 516. See, also, *Telegraph Co. v. Guernsey*, 46 Mo. App. 42; *Thompson v. Ish*, 99 Mo. 179.

BIGGS, J.—This is an action on a policy of life insurance for $1,000, dated on the twenty-second day of August, 1892. It was issued on the life of Josephine Mey, and the plaintiff was named as the beneficiary therein. Josephine Mey died in July, 1893. The defendant is an Iowa corporation, and is doing a life insurance business on the assessment plan. At the date of the policy it was doing business in this state under the provisions of article 3, chapter 89 of the Revised Statutes of 1889. By the terms of the policy and of the written application of the assured her answers to questions propounded in the application were made warranties and parts of the contract.

The answer contained a general denial, and among other special defenses, it was averred that the assured was asked this question, to which she made a false answer to wit: (Question 22.) "Have you consulted any physician regarding your health within the past five years? If so, what physician, when and for what disease? State fully and give all particulars." Answer. "Dr. Steer in December, 1891, for headache." It is claimed that the answer was false, in that the assured consulted Dr. Steer for valvular disease of the heart. The replication put in issue the new matter contained in the answer. The cause was submitted to a jury. There was a verdict for plaintiff, upon which a judgment was entered. The defendant has appealed and assigns

for error the refusal of its instructions for nonsuit at the close of plaintiff's evidence, and that upon the whole case the finding and judgment ought to have been for it.

As a condition of the liability of the defendant the policy provides that on the death of the assured "full and complete proofs satisfactory to the association of the existence of a valid claim" shall be furnished to defendant by the beneficiary. It was specially provided that the proofs must show that the policy had been kept in force by a full compliance on the part of the assured with all of the terms and conditions of the contract, and an explanation of the manner and cause of death of the member was also required to be given. It is insisted that the evidence offered by plaintiff failed to show a compliance with the foregoing requirements of the policy, and that for that reason the instruction of nonsuit ought to have been given.

The defendant admitted at the trial that all assessments against the policy had been paid by the assured, and that Thomas Vardinski was the curator of plaintiff's estate.

The plaintiff read in evidence the policy, and proved that the assured died on July 28, 1893. Concerning the proofs of death the plaintiff's evidence tended to prove that Vardinski gave the defendant's local agent verbal notice of the death; that afterward he received from defendant, through its home office, blanks for proofs of death; that he delivered the blanks to a justice of the peace for the purpose of having them filled; that the proofs were made as indicated in the blanks, and forwarded to the defendant at its home office in Burlington, Iowa, and that they were received by defendant on the eighteenth day of September, 1893. It was conceded that the defendant had written a letter to Vardinski denying all liability under the

policy and making no complaint whatever of the insufficiency of the proofs. The argument of the defendant in support of the instruction of nonsuit is that plaintiff's proof is fatally defective in that she failed to read in evidence the proofs of death.

This assignment of error must be overruled for several satisfactory reasons. The defendant did not stand on its demurrer to plaintiff's evidence, but continued the trial by the introduction of its evidence. In doing so it took the risk of supplying the defect, if any, in the plaintiff's proof. This it did in respect of the matter complained of. It read in evidence the proofs which Vardinski furnished, and there is no pretense that they were not in due form. But aside from this view of the question, the defendant in its letter to Vardinski denies all liability under the policy owing to the alleged false answers of the assured in her application.

*Demurrer to evidence: failure to stand on demurrer: appeal: assignment of error.*

. Under the well established law governing both life and fire insurance, a denial of liability on other grounds dispenses with or amounts to a waiver by the insurer of formal proofs. This is reasonable, for the law will not require the beneficiary to do a useless thing. Again, if an insurance company receives and retains proofs of loss which are insufficient and defective; and fails to make known its objections, such conduct will also be evidence of waiver of proper proofs. In this case it was admitted that the defendant had received the proofs sent by Vardinski, after the death of the assured, and there is no pretense that any objection was made by it on account of any informality or insufficiency of the same.

*Proofs of loss: waiver.*

The court instructed the jury that by the terms of the contract of insurance the answers of the assured to

CONTRACT of insurance: warranty: pleading: onus.

questions propounded in the application were made warranties, and if it was found that the answer, which is relied on as a basis for the defense, was untrue, then there could be no recovery under the policy. No fault is found with the instructions. The complaint of the defendant is that all of the evidence tended to prove that the answer to question 22 was false, in that the assured in the year 1891, consulted Dr. Steer for heart disease, and that in point of fact she had valvular disease of the heart at that time.

All the positive evidence bearing on the question was introduced by defendant, and may be briefly summarized as follows:    Dr. Steer testified that some time during the year 1891, he treated the assured for valvular disease of the heart; that at that time the indications of the trouble were pronounced and discoverable by even a casual examination, that the disease was incurable, and that he did not treat the deceased after that time. He admitted that he might be mistaken as to the time of the treatment. He had an extensive practice, and there were no charges on his books from which he could fix the exact date. He also admitted that a serious case of that kind of heart trouble might develop suddenly, but it was generally a matter of slow growth. As a part of the proofs of loss the policy required the beneficiary to make out and forward to the defendant a sworn statement of the immediate and remote cause of the death of the assured, her family history, and the name of the physicians whom she had previously consulted as to her health, etc. The curator herein complied with this requirement of the policy. He stated that the immediate cause of the death of the assured was disease of the heart, and that about nine months prior to her death she consulted Dr. Steer for pains in the head and

stomach. He also stated that at the time she applied for the insurance she was apparently in good health. The defendant also read in evidence the affidavit of the physician who attended the deceased during her last illness. He testified that he was called to see her for the first time on the twenty-eighth of June, 1893, and that she died on the twenty-eighth of July, 1893, of valvular disease of the heart. The certificate of the defendant's medical examiner was attached to the application for the insurance. He certified that he examined the deceased on the twenty-second day of August, 1892, and that she was free from any heart trouble. The defendant also read in evidence this certificate.

In rebuttal plaintiff introduced several witnesses, who testified that they were intimately acquainted with the assured, and that up to a few days before her death she was apparently in good health. Some of the witnesses stated that she was subject to spells of headache. This was all of the evidence bearing on the issue.

It must be borne in mind that as to the issue tried' the burden of proof was on the defendant. It devolved on it to allege and prove the untruthfulness of the answer complained of. 1 Beach on Insurance, sections 423–425, and authorities cited. Therefore counsel for defendant is wrong in his contention that the circuit court committed error in refusing to direct the jury to find the issue for the defendant. Under the practice in this state it is beyond the power of a trial court to direct a verdict in favor of the party sustaining the burden of proof, unless the testimony is admitted to be true or the proof is documentary, which the opposite party is estopped to deny. Such a direction under other circumstances would be an invasion of the province of the jury. *Bryan v. Weir*, 4 Mo. 116;

*McAfee v. Ryan*, 11 Mo. 364; *Gregory v. Chambers*, 78
Mo. 294; *Wolff v. Campbell*, 110 Mo. 114; *Houston v.
Tyler*, 36 S. W. Rep. 654.

It is the duty of the trial judge to interfere when-
ever in his opinion the verdict of the jury is opposed
to the weight of the evidence. His refusal
to set aside a verdict for this reason is
subject to review only when the appellate
court is satisfied that there has been a palpable disre-
gard of the law and evidence, and that he acted
arbitrarily or showed an "unjudicial bias" in refusing
to grant a new trial. *Taylor v. Scherpe*, 47 Mo. App.
257; *Whitsett v. Ransom*, 79 Mo. *loc. cit.* 260. This is
the rule that must be applied here. All of the evidence
tends to show that the immediate cause of the death of
the assured was valvular disease of the heart. The
testimony of Dr. Steer leaves but little doubt that she
was suffering from that disease when he last examined
her. He had known her many years, and it is not
reasonable that he should have been mistaken as to
her identity, or that he had in mind some other patient.
When all of the evidence is considered, the date of his
examination is the only thing about which he could
have been mistaken. If that preceded the application
for the insurance, the defense is put almost beyond
any rational doubt. But if it occurred afterward, then
there is room for the argument that the heart trouble
arose subsequently, and hence the answer complained
of was strictly true when made. There is substantial
evidence to support the latter theory. It is supported
by the affidavit of Vardinski, who swears that the last
time Mrs. Mey consulted Dr. Steer was about nine
months before her death, which was after the issuance
of the policy. It is also supported by the certificate of
the defendant's medical examiner, who certified that
he examined the assured at the time the application

**VERDICT: refusal of court to set aside; review of, on appeal.**

was made, and that she was not suffering from heart trouble. If his examination was what it ought to have been, and what it purported to be, it must have preceded that of Dr. Steer, for the latter says that at the time he made his examination the disease had developed to such an extent that it was easily discoverable. This view is also strengthened by the other medical testimony that valvular disease of the heart may be of rapid development. Under the evidence it is not only possible, but it is within the reasonable probabilities of the case that at the time the insurance was taken out the assured was free from heart disease, and that her answer to question 22 was strictly true. It follows that we can not convict the trial judge of "unjudicial bias" in refusing to set aside the verdict.

Complaint is also made of the evidence offered by the plaintiff in rebuttal. As hereinbefore stated it was incumbent on the defendant to allege and TESTIMONY of nonexperts: evi- prove that the answer of the assured as to dence. the condition of her health was untrue. The affirmative of the issue was thus with the defendant. Under the facts developed by the defendant's evidence we think that the evidence of the intimate acquaintances of the assured as to the apparent condition of her health was competent and relevant to the issue.

Finding no reversible error in the record, the judgment of the circuit court will be affirmed. All the judges concur.