HENRY L. CORNET et al., Appellants, v. A. F. CABRILLIAC et al.

### Division Two, May 26, 1910.

1. **COMMISSIONS FOR SELLING REAL ESTATE: Agency Not in Writing: Unconstitutional Statute.** Section 1 of the Act of March 28, 1903, Laws 1903, p. 161, providing that in cities of three hundred thousand inhabitants or more any person who shall offer for sale any real property without written authority of the owner thereof, or of his attorney-in-fact, or of a person who has made a written contract for the purchase of such property with the owner thereof, shall be guilty of a misdemeanor, is unconstitutional and void, and is no bar to the recovery by an agent whose appointment is not in writing, of commissions which he has justly earned in the sale of defendant's real estate.

2. ———: ———: ———: **Appeal: From Order Sustaining Motion For New Trial.** But where the trial court granted to defendant a new trial on the sole ground that the said unconstitutional statute barred plaintiff's right to commissions for making said sale, and the evidence on the question of plaintiff's agency and of his finding a purchaser is conflicting, the Supreme Court will, on plaintiff's appeal, simply affirm the judgment granting a new trial.

Appeal from St. Louis City Circuit Court.—*Hon. Matt. G. Reynolds,* Judge.

AFFIRMED.

*Julius T. Muench* for appellants.

(1) Upon this appeal, from the trial court's order sustaining the motion for a new trial, the whole record is before this court for review. Scullin v. Railroad, 192 Mo. 5, 184 Mo. 695. (2) As the Law of 1903 (p. 161), making it a misdemeanor to offer real estate for sale "in cities of three hundred thousand inhabitants or more," can never, under its terms, apply to more than one city in the State, and the exigencies

of the case were not such that a general law could not have been made applicable, it is both local and special and therefore unconstitutional, as violative of article 4, section 53, of the Constitution of Missouri. State ex rel. v. Turner, 210 Mo. 77; State ex rel. v. Messerly, 198 Mo. 351; Henderson v. Koenig, 168 Mo. 375; Murnane v. St. Louis, 123 Mo. 479; State ex rel. v. County Court, 89 Mo. 237; State ex rel. v. Herrmann, 75 Mo. 353. (3) The Law of 1903, even if held constitutional, should not bar plaintiffs' recovery in this case, for the reason that the defendants ratified plaintiffs' act and received the benefit of their services. Tooker v. Duckworth, 107 Mo. App. 231; Prince v. Baptist Church, 20 Mo. App. 332; Smyth v. Hanson, 61 Mo. App. 285; Prietto v. Lewis, 11 Mo. App. 600; Trust Co. v. Niggeman, 119 Mo. App. 56; Trust Co. v. Hartmann, 128 Mo. App. 233. (4) Even though the law should be held constitutional, it could not be retrospective in its operation, and could not, therefore, affect existing agreements for the sale of real estate. Leete v. Bank, 115 Mo. 184; Minter v. Bradstreet Co., 174 Mo. 489; Shields v. Johnson Co., 144 Mo. 82; Reed v. Swan, 133 Mo. 107; State ex rel. v. Auditor, 41 Mo. 25; State ex rel. v. Ferguson, 62 Mo. 77; State ex rel. v. Hays, 52 Mo. 578; Thompson v. Smith, 8 Mo. 723. (5) Judgment was properly rendered by the circuit court for the full amount against all the defendants who were in court. Paper Co. v. Bosbyshell, 14 Mo. App. 534. (6) This court will take judicial notice of the fact that the city of St. Louis is the only city in the State which had 300,000 inhabitants at the time the law went into effect. State ex rel. v. Herrmann, 75 Mo. 340; State ex rel. v. County Court, 89 Mo. 237.

*Frank A. C. MacManus* for respondents.

(1) When the motion for a new trial can be supported on any of the grounds assigned therein, the appellant must fail, and the judgment be affirmed. Bank

v. Amstrong, 92 Mo. 280; Ittner v. Hughes, 133 Mo. 693. And where the motion has been sustained on the grounds of the verdict being against the greater weight of the evidence, appellate courts will not review the action of the trial court in granting or sustaining the motion. McKay v. Underwood, 47 Mo. 187; Eidenmiller v. Kump, 61 Mo. 342; Reed v. Insurance Co., 58 Mo. 429; Whitsett v. Ransom, 79 Mo. 260; Baughman v. Fulton, 139 Mo. 559. The Scullin cases do not overrule the above propositions. They are not in point. The motion for new trial in this cause should have been sustained on all the grounds specified, and especially on the 5th. All the evidence offered by plaintiffs on the subject of having authority to offer the property for sale, after the admission that there was no authority in writing, should have been excluded. Bartlett v. Donohue, 72 Mo. 563. It was legally insufficient for the purpose for which it was offered. (2) The petition, or "statement," filed in this cause, does not state a cause of action. The justice before whom the action was first instituted never had jurisdiction, and the circuit court on appeal never acquired any. Jurisdiction of the subject-matter must be shown on the face of the pleadings in a case such as this. Fisher v. Davis, 27 Mo. App. 321; Kansas City v. Ford, 99 Mo. 91. (a) The Laws of 1903 prohibit the offering of services of the character mentioned, unless "authority in writing was had from the owner of the real estate." A person suing must show statutory requirements necessary to confer the "right of action," and this must appear in the petition or statement, otherwise it will not show a "cause of action." Barker v. Railroad, 91 Mo. 86. (b) The peremptory instruction offered by defendants should have been given. The statement as filed shows a conclusion, and does not aver the substantive and basic fact that such "services or commissions were earned" within the statute requirement of written authority. Such authority is a

condition precedent to the creation of a right of action and must appear in the statement, or the writing itself must be filed with the statement showing charges. A legal cause of action must be stated. Jones v. Fuller, 38 Mo. 363; Butts v. Phelps, 79 Mo. 302. (c) The "authority" of the persons offering the property "for sale" should have been filed with the statement, or at least referred to in the "statement;" at all events, the paper which is the foundation of the action must be filed before trial, or the justice is without power to hear or determine. Insurance Co. v. Foster, 56 Mo. App 197. No authority in writing from the owners was ever filed; in fact, it is conceded none was ever obtained. (3) Instructions prayed the court by defendants and by it refused, should have been given, viz.: Nos. 1, 2, 3, 4 and 5. The court erred in giving the "third" declaration of law of its own motion. (a) In a suit by a real estate broker to recover commission for his services in offering (and negotiating) the sale of real property, the agent or person must have authority in writing from the owner, or his attorney-in-fact, appointed in writing, and cannot recover for such services without such authority. Page on Contracts, sec. 692; Clark & Skyles on Agency, sec. 749; Laws 1903, p. 161, sec. 1; Rothwell v. Gibson, 121 Mo. App. 279; Findley v. Handley, 121 Mo. App. 358. Decisions from other States supporting a similar law. McCarthy v. Loupe, 62 Cal. 299; Nigres v. Surryhaul. 67 Cal. 657; McGreary v. Satchwell, 129 Cal. 389; Dolan v. O'Toole, 129 Cal. 488; Castor v. Richardson, 18 Colo. 496; Ballou v. Bergunden, 9 N. D. 285; Longstrah v. Korb, 64 N. J. L. 112. (b) Such requirement of specific authority being a mere power not coupled with an interest, was provided for upon the taking effect of the Act of 1903, so far as all large cities of this State are concerned. Clark & Skyles, secs. 181-2; sec. 39 a and b; Hitson v. Brown, 3 Colo. 304; Johnson v. Huling, 103 Pa. St. 498; Buckley v. Humason, 50 Minn. 195;

Stevenson v. Ewing, 87 Tenn. 46. "Agreements to do acts in violation of a criminal statute are unenforceable." Bick v. Seal, 45 Mo. App. 475; Mitchel v. Branham, 104 Mo. App. 487; Tandy v. Elmore, 113 Mo. App. 459; Sawyer v. Sanders, 113 Mo. App. 233; Tyler v. Laramore, 19 Mo. App. 445. The constitutional guaranty of equal rights is not infringed by making a police regulation applicable in certain cities of a State. People v. Warden, 183 N. Y. 223. The New York courts have held that a similar statute "is a valid exercise of the police power of the State." People v. Stuecker, 75 App. Div. 449, 78 N. Y. Sup. 316, 82 N. Y. Sup. 89.

BURGESS, J.—This suit was instituted to recover the sum of $250, claimed by plaintiffs as commissions due them for selling a lot of real estate belonging to the defendants, situate in the city of St Louis.

The trial before the justice of the peace resulted in a judgment in favor of the defendants; upon an appeal to the circuit court, a trial *de novo* was had, which resulted in a judgment against four of the defendants and in favor of the defendant Amelia A. Altenbaumer, she not having been properly served. A motion for a new trial was sustained, and plaintiffs duly appealed to this court.

There are a number of errors assigned, but the principal one assails the constitutionality of section 1 of an act of the Legislature, approved March 28, 1903, Laws 1903, p. 161, providing that in cities of three hundred thousand inhabitants or more any person who shall offer for sale any real property without the written authority of the owner thereof, or of his attorney-in-fact, appointed in writing, or of a person who has made a written contract for the purchase of such property with the owner thereof, shall be guilty of a misdemeanor.

It is conceded that no such written authority was given to plaintiffs.

Upon that state of facts the court, by sustaining the motion for a new trial, held the act in question valid, and, consequently, that plaintiffs were not entitled to a recovery because their authority was not in writing.

This identical proposition was decided adversely to the contentions of defendants by Division No. 1 of this court at its last sitting in the case of Woolley v. Mears, 226 Mo. 41.

Upon the authority of that case we hold that said act is unconstitutional, null and void, and, consequently, plaintiffs are entitled to a recovery in this case, if they were authorized by the proper parties to sell said real estate; and provided plaintiffs found a purchaser who was able, ready and willing to purchase upon the terms they were so authorized to sell. However, the evidence upon this question was conflicting; and, as the court sustained the motion for a new trial upon the ground, among others, that the verdict was against the weight of the evidence, we have no authority to disturb the order and judgment of the court sustaining the motion for a new trial, for the reason that such an order rests largely within the sound discretion of the trial judge, and should never be disturbed except where the record shows the court has already abused that discretion. No such showing is disclosed by this record.

We, therefore, affirm the order and judgment of the trial court in sustaining the motion for a new trial. All concur.