WILLIAM F. KLENE, Appellant, v. MARJORIE REALTY COMPANY and HERBERT A. VROOMAN.

**Division One, May 31, 1910.**

**AGENT'S COMMISSIONS: For Selling Real Estate: Written Contract.** A written contract to sell or exchange real estate is not necessary to the agent's right to recover commissions he has justly earned. The Act of March 28, 1903, Laws 1903, p. 161, making it a misdemeanor for any agent in a city of three hundred thousand inhabitants or over to undertake to sell real estate without a written contract authorizing him to do so, is unconstitutional.

Appeal from St. Louis City Circuit Court.—*Hon. Jesse A. McDonald,* Judge.

REVERSED AND REMANDED.

*Benj. J. Klene* for appellant.

(1) The Act of 1903 is in conflict with the Constitution of Missouri. (a) Because it is an arbitrary,

unusual, unnecessary and unreasonable interference with the right of private contract, and with the conduct of private business. Woolley v. Mears, 226 Mo. 41; Grossman v. Caminez, 79 N. Y. App. Div. 15; Fisher Co. v. Woods, 187 N. Y. 90; State v. Loomis, 115 Mo. 307; Mo. Constitution, art. 2, secs. 4 and 15. (b) Because the act is local and special when a general act could be made applicable. Mo. Constitution, art. 4, sec. 53; State v. Walsh, 136 Mo. 400; Woolley v. Mears, 226 Mo. 41; State v. Thomas, 138 Mo. 100; State v. Julow, 129 Mo. 163; In re Flukes, 157 Mo. 125; State ex rel. v. Turner, 210 Mo. 77; State ex rel. v. Messerly, 198 Mo. 351; State ex rel. v. Standard Oil Co., 218 Mo. 1. (2) The act is also unconstitutional as penalizing in cities of 300,000 inhabitants or over, the selling of real estate without written authority from the owner, while it does not penalize the making of exchanges of real estate. Thus emphasizing the correctness of the court's decision in the Woolley-Mears case on the subject of local and special legislation.

GRAVES, J.—This case involves an agent's commission for the exchange of real estate. The amount involved is small, $291.70, but the case reaches this court upon a constitutional question. Defendant Vrooman was the president of defendant Marjorie Realty Company. Sometime before the transaction involved in this case, Vrooman had employed plaintiff to work in the office of defendant company, and agreed to pay him in cash the sum of eighteen dollars per week, and in addition thereto one-half of the commissions on sales or exchanges made by the said Klene.

From the evidence in this record, it appears that defendant Vrooman was the beneficial owner of certain real estate in the city of St. Louis, and told plaintiff to exchange it. Pursuant to this request, the plaintiff did exchange it for farm property in St. Francois

county, Missouri. The agreed value as between Vrooman and plaintiff was $26,000. Vrooman paid $45 on account but failing to pay further, plaintiff instituted this suit in a justice's court to recover one-half of two and one-half per cent commission on $26,000, less the $45 paid, or the sum of $280, plus interest after demand of $11.70, making a total of $291.70.

In the justice's court, defendants filed a counter-claim, but this was withdrawn in the circuit court. It was agreed that a commission of two and one-half per cent was proper. On the trial the plaintiff testified that he never had any written authority to sell or exchange the real estate in the city of St. Louis, and here is the bone of contention in this case. The circuit court gave a peremptory instruction directing a verdict for defendants, evidently upon the theory that under the Act of March 28, 1903, Laws 1903, p. 161, the plaintiff could not recover because of the fact that he had no written authority to sell or exchange the property. The plaintiff, being thus confronted, took an involuntary nonsuit, but within due time moved to set the same aside, in which motion he challenges the constitutionality of the legislative act aforesaid. This motion being overruled, the cause was appealed to this court. Respondent files no brief. This conduct on the part of respondent was evidently the result of our recent opinion in the cause of Woolley v. Mears, 226 Mo. 41. From the record before us, the turning point in the case in the court, *nisi,* was evidently the constitutionality of the Act of 1903, supra. This question was fully considered in the Mears case, supra, and it was held that the said act was violative of constitutional provisions. The decision of that case determines this case. So recent is this review of the law that we shall not go into the question further at this time.

Under the authority of the Mears case, supra, this cause is reversed and remanded. All concur.