## ARTHUR G. PRINTZ, Appellant, v. BERTHA MILLER et al.

### Division One, February 28, 1911.

1. **AGENT: Selling Real Estate: Act of 1903.** The Act of March 28, 1903, now Sec. 4634, R. S. 1909, forbidding an agent in certain cities to sell real estate unless his authority is in writing, is void and unconstitutional; and the agent is not debarred from recovering his commissions for a sale actually made, solely because his authority to sell was not in writing, as required by that act.

2. ———: ———: **Peremptory Instruction.** Though plaintiff's evidence is uncontradicted, showing that as agent under an oral contract he sold the real estate and had earned his commission, the court is not authorized to give a peremptory instruction requiring the jury to find for him in the amount claimed.

Appeal from St. Louis City Circuit Court.—*Hon. Jesse A. McDonald*, Judge.

REVERSED AND REMANDED.

*Louis A. Steber* for appellant.

*R. F. Anderson* for respondents.

WOODSON, P. J.—The plaintiff, a duly licensed real estate agent of the city of St. Louis, sued the defendants before a justice of the peace to recover $87.50, commission alleged to be due him for selling a certain vacant lot of defendants, located in said city. He re-covered judgment before the justice against both defendants for the amount sued for. From that judgment the defendants appealed to the circuit court, where a trial *de novo* was had, which resulted in a judgment for the defendants; and after taking the necessary preliminary steps, the plaintiff appealed the cause to this court.

Plaintiff's evidence tended to show that he was a duly licensed real estate agent, doing business in the city of St. Louis; that defendants owned the lot mentioned; that they orally placed the same in the hands of plaintiff for sale for the price of $3500; that in pursuance to that arrangement he sold, or caused to be sold, the lot to one Milentz for said sum; and that he demanded of defendants two and one-half per cent commission for making the sale, which had been previously agreed to. Plaintiff's evidence was undisputed.

At the close of the plaintiff's case, the defendants demurred to the evidence, for the reason that the former's authority to sell the lot was not in writing as required by the Act of March 28, 1903, Laws 1903, p. 161—now section 4634, Revised Statutes 1909. To the giving of the demurrer the plaintiff objected, for the reason that said act was unconstitutional, and saved his exceptions; and at the same time plaintiff requested the court to give a counter instruction, telling the jury to find for him, which was in words and figures as follows:

"The court instructs that, under undisputed evidence, the verdict must be for the plaintiff, and against both defendants in the sum of eighty-seven dollars and fifty cents."

The court refused this instruction, and the plaintiff duly excepted.

I.  From the foregoing statement of the case it will be seen that there are but two questions here presented for determination: First, is the Act of 1903 constitutional; and, second, did the court err in refusing plaintiff's peremptory instruction, telling the jury to find for him?

Since the trial of this cause took place in the circuit court, the Act of 1903 has, by this court, been adjudged unconstitutional in the following cases: Wooley v. Mears, 226 Mo. 41; Cornet v. Cabrilliac, 228 Mo. 212; Klene v. Marjorie Realty Co., 228 Mo. 607.

These cases are controlling in the case at bar.

We, therefore, hold that the circuit court erred in holding said act to be constitutional and in sustaining the demurrer to plaintiff's evidence.

II.  The second question presented has also been before this court in numerous cases; and we have uniformly held that even though plaintiff's evidence stood uncontradicted, still its credibility and weight were questions for the jury, and that it was error for the court to peremptorily instruct the jury to find for the plaintiff.

We are, therefore, of the opinion that the judgment should be reversed and the cause remanded for another trial.

It is so ordered. *Graves, J.,* concurs; *Lamm, J.,* concurs as to paragraph one, and expresses no opinion as to paragraph two; *Valliant, J.,* absent.