HARRY TROLL, Public Administrator, in charge of Estate of URETTA ROGERS et al., Appellants, v. PROTECTED HOME CIRCLE, Respondent.

St. Louis Court of Appeals, December 5, 1911.

1. FRATERNAL BENEFICIARY ASSOCIATIONS: Action on Benefit Certificate: Affirmative Defenses: Burden of Proof: Trial Practice. In an action on a benefit certificate issued by a fraternal beneficiary association, the burden of proof is on the defendant to establish an affirmative defense that insured had become sick after making her application and before the delivery of the certificate, and had not been subjected to another examination, thereby rendering the certificate void, pursuant to an agreement contained in the application for insurance.

2. **TRIAL PRACTICE:** Uncontradicted Evidence: Directing Verdict. The trial court has no right to direct a verdict in favor of the party having the burden of proof, although the testimony given on his behalf is uncontradicted, where the issue of fact is controverted and the proof consists of oral testimony, not admitted to be true.

3. ———: ———: Credibility of Witnesses: Province of Jury. The credibility of the witnesses and the weight of the evidence are, in the first place, questions for the jury, and the jury may reject uncontradicted testimony as untrue, and return a verdict against it.

4. ———: ———: Directing Verdict: Weight of Evidence. If plaintiff has made a prima facie case, the fact that an affirmative defense is established by uncontradicted evidence would not warrant the trial court in directing a verdict for defendant on the ground that it would feel compelled to set aside a verdict for plaintiff as being against the weight of the evidence.

5. **NEW TRIAL:** Verdict Against Weight of Evidence: Only One New Trial. The court may set aside a verdict on the ground it is against the weight of the evidence and award the losing party a new trial, but if, on the new trial, the same party should again prevail, the trial court would be powerless to interfere on the same ground, under section 2023, Revised Statutes 1909.

Appeal from St. Louis City Circuit Court.—*Hon. Moses N. Sale*, Judge.

REVERSED AND REMANDED.

*Emerson E. Schnepp* for appellants.

When the plaintiff has made out a prima facie case, although the defendant may introduce evidence which entirely overthrows and disproves the prima facie case of the plaintiff, the trial court cannot say, as a matter of law, that it is so overthrown, and direct a verdict for the defendant. The credibility of the witnesses and the weight of the evidence are peculiarly matters for the jury. The plaintiff is entitled to have the judgment of the jury on the credibility of the witnesses produced by defendant, and the value of their testimony. Boone v. R. R., 20 Mo. App. 235; Hirsch

v. Grand Lodge, 78 Mo. App. 361; Jefferson v. Life Assn., 69 Mo. App. 133; Dawson v. Wombles, 111 Mo. App. 540; Reynolds v. Hood, 209 Mo. 618; Gannon v. Light Co., 145 Mo. 514.

*R. P.* and *C. B. Williams* for respondent; *J. A. McLaughry* of counsel.

CAULFIELD, J.—Suit on a benefit certificate for one thousand dollars issued by the defendant, a fraternal beneficiary association. The plaintiffs appeal from a judgment entered on a directed verdict for the defendant, assigning as error the trial court's action in peremptorily instructing the jury, at the close of all the evidence, to return a verdict for the defendant.

There is no necessity for reciting the evidence in support of the plaintiffs' petition. It is conceded that such evidence made a prima facie case for plaintiffs and that defendant was put to its affirmative defense. This defense was that the insured had been taken sick after making her application and before the delivery of the benefit certificate to her and had not been subjected to another medical examination, and that by her agreement contained in the application the insurance was to become void in that event. The reply in effect admitted said agreement, but denied the other allegations. The defendant offered testimony on its part, tending to prove such controverted allegations. The testimony was uncontradicted. Plaintiffs offered no evidence and made no admissions in that respect. The trial court directed a verdict for defendant for the sole reason that in its opinion the testimony offered by the defendant, being uncontradicted, had so fully established the affirmative defense that a verdict for plaintiffs would be set aside as being against the weight of the evidence. Whether

161 App.—46

such direction was authorized by law is the question for us to determine.

The plaintiffs had prima facie established their right to recover. Indeed, counsel for defendant states in his brief that the facts necessary to that end were uncontroverted. The defendant was driven to its affirmative defense. As to this, defendant asserted the affirmative of the issue and the burden of proof was on it. Now, under the practice in this state, it is beyond the power of a trial court to direct a verdict in favor of the party having the burden of proof where, as here, the issue of fact is controverted, and oral testimony, not admitted to be true, must be relied on in proof thereof. Such a direction under these circumstances is an invasion of the province of the jury and a denial of the right to a trial by jury. Though the testimony given on behalf of the defendant was uncontradicted, the jury had a right to find against it. They had the right to reject such testimony as being untrue. It was not for the court to compel them to believe defendant's witnesses. The credibility of the witnesses as well as the weight of the evidence is, in the first place, a question for the jury. It is true that if the case had gone to the jury and the jury had returned a verdict for the plaintiff the trial court might have set it aside as being against the weight of the evidence, but that is quite a different thing from directing a verdict for the party having the burden of proof. If the court set the verdict aside, the plaintiff would be entitled to a new trial, and if it again prevailed before the jury on this issue, the trial court would be powerless to interfere on the same ground. The following cases are decisive of the foregoing propositions: Jefferson v. Life Assn., 69 Mo. App. 133; Gannon v. Gas Co., 145 Mo. 502, 47 S. W. 907; Bank v. Hammond, 124 Mo. App. 177, 101 S. W. 677; Winn v. Modern Woodmen of America, 157 Mo. App. 1, 137 S. W. 292; Mowry v. Norman, 204 Mo. 173, 103

S. W. 15; Printz v. Miller, 233 Mo. 47, 135 S. W. 19; Milliken v. Commission Co., 202 Mo. 637, 100 S. W. 604; McFarland v. Accident Assn., 124 Mo. 204, 27 S. W. 436.

For the error of the trial court in directing a verdict for the defendant, the judgment is reversed and the cause remanded. *Reynolds, P. J.,* and *Nortoni, J.,* concur.