## ST. LOUIS UNION TRUST COMPANY v. JAMES A. HILL, Appellant.

### In Banc, June 19, 1920.

1. **LIMITATIONS: Denied by Trial Court: Uncontroverted Evidence.** Where appellant relied upon the Statute of Limitations as a defense, and introduced testimony tending to show that he had been in possession of the land a sufficient length of time for his possession to have ripened into title, and respondent introduced no evidence to the contrary, and no declarations of law were asked or given and no request for a finding of facts was made, a judgment by the court, sitting as a jury, precludes a review of the evidence on appeal, and must be affirmed. [Overruling Reichenbach v. Ellerbe, 115 Mo. 588.]

2. **QUIETING TITLE: Equitable and Legal Proceedings: Trial by Court: No Instructions.** An action to ascertain and determine title to land is an action at law when legal issues are tendered, and a suit in equity when equitable issues are involved. Where the whole issue is between plaintiff's paper title and defendant's claim by limitations, the issues are legal and the action is one at law; and being an action at law, the weight of the evidence, even though undisputed, is for the triers of fact, and their finding is conclusive on appeal; and if the issues are submitted to the judge, his decision, there being no declarations of law asked or given, is to be treated as the verdict of a properly instructed jury.

Appeal from Pemiscot Circuit Court.—*Hon. Sterling H. McCarty,* Judge.

AFFIRMED.

*Ward & Reeves for* appellant.

(1) The court takes judicial notice that Little River is a non-navigable stream and therefore the defendant holding a fractional quarter section of land to Little River, owns to the thread of the stream. Wright Lumber Co. v. Ripley Co., 270 Mo. 121. (2) "It is settled law in this State that adverse possession, continued for the requisite time, transfers the title from the owner to the occupant as effectually as would a deed; and title acquired by adverse possession under the Missouri statute is in every respect as good for purposes of attack or defense as title by deeds running back to the United States Government." Norton v. Reed, 253 Mo. 253; Scannell v. Am. Co., 161 Mo. 618; Biddle v. Mellon, 13 Mo. 241; Barry v. Otto, 56 Mo. 177; Ridgeway v. Holliday, 59 Mo. 444; Fulkerson v. Mitchell, 82 Mo. 1; Franklin v. Cunningham, 187 Mo. 184; Nelson v. Broadhack, 44 Mo. 596; Watt v. Donnell, 80 Mo. 195. (3) Besides transferring the title of the land of Pemiscot County and plaintiff to the defendant and his grantors by their acts of possession, plaintiff cannot recover by reason of the statute which provides that "no action for the recovery of lands shall be maintained by any person unless such person is possessed of the land within ten years before the commencement of such action. "Sec. 1879, R. S. 1909; Price v. Brackenridge, 92 Mo. 378; Franklin v. Cunningham, 187 Mo. 196; Sherwood v. Baker, 105 Mo. 472. (4) The Statute of Limitations runs as to swamp lands sold by the county to private individuals, and as to the county before they are sold. So that where the defendants having been in the actual, open, continuous and adverse possession of such land for ten years before the institution of a suit, plaintiff cannot recover. Palmer v. Jones, 188 Mo. 163; Hunter v. Pinnell, 193 Mo. 146; Lumber Co. v. Craig, 248 Mo. 341; Dunklin County v. Chouteau, 120 Mo. 577; Simpson v. Stoddard County, 173 Mo. 121. (5) The court erred in refusing to find in writing its conclusions of facts separate from its conclusions of law as prayed for

in this case. Section 1972, R. S. 1909; Hamill v. Talbott, 72 Mo. App. 22; German-Am. Ins. Co. v. Tribble, 86 Mo. App. 546.

*C. G. Shepard* and *Barclay & Wallace* for respondent.

(1) The appellant requested no declaration of law nor findings of facts and conclusions of law, and as the trial judge ruled, generally, against appellant, and as this judgment is warranted by the pleadings, no review of the facts may now be had in this court, for the cause was tried by the lower court, without a jury, as an action at law. Walker v. Roberts, 204 S. W. 18; Rausch v. Michel, 192 Mo. 293; Jordan v. Davis, 172 Mo. 599. Appellant's claim that a different rule should be applied in this case has been definitely answered in the negative. Morrison v. Bomer, 195 Mo. 538; Buford v. Moore, 177 S. W. 865. (2) Respondent's motion for findings of facts and conclusions of law (which does not appear to have been acted upon) cannot avail appellant anything. Appellant, as stated, filed no such motion. The statute requires this request from any party who may later desire to predicate error upon a failure or refusal so to act by the trial judge. It may well be that the lower court saw no reason for complying with respondent's motion—in view of the judgment that was entered. Furthermore, it may be that the respondent withdrew its said motion. In no aspect, may appellant complain of the result of his own failure to make this request; and neither the statute nor the cases he cites sustain his assignment of error in this regard. Moreover, the record shows no exception, taken or saved by appellant, to the court's failure to comply with his adversary's said motion.

WILLIAMSON, J.—The plaintiff brought suit, under the provisions of Section 2535, Revised Statutes 1909, to ascertain and determine the title to certain lands in Pemiscot County, asserting in its petition that the defendant claimed some interest adverse to plaintiff's title,

and praying that the court ascertain and determine the estates of plaintiff and defendant, respectively, therein. To this petition the defendant filed an answer, in which he disclaimed title to all of the lands described in the petition, except the following portions:

"Beginning at the center of fractional Sections 17 and 18, Township 20, north, Range 12, east, on the left and east banks of Little River and meander south on the left bank as follows:  South 28 degrees west 1060 feet to the corner of fractional Sections 18 and 19 of Township 20, north, of Range 12, east; thence south 521 feet; thence south 15 degrees west 602 feet; thence south 27 degrees east 251 feet; thence east 535 feet to the section line between Sections 19 and 20 of Township 20, north, Range 12 east; thence north 2244 feet to the point of beginning of this survey and containing 21.85 acres, being 3.20 acres of the land sued for herein."

As to the lands above described, defendant asserted title in himself, and joined in the prayer of the petition that the court ascertain and determine the title of the parties.  A reply was filed, and upon a hearing of the cause the court rendered judgment in favor of the plaintiff.  The defendant has duly appealed.

The plaintiff's evidence consisted of the usual documents divesting title from the United States, first to the State of Missouri, thence to the County of Pemiscot, and thence to the plaintiff.  Defendant's evidence consisted of a deed from one Story and wife to William J. Hill and the defendant, and from William J. Hill to the defendant, and defendant also introduced parol evidence tending to show title in himself under the Statute of Limitations. What title Story had to the lands in question, or how, when or from whom he obtained his title, if any, does not appear.

Upon the conclusion of the evidence, the cause was submitted to the court for judgment.  The defendant did not ask for any declarations of law or findings of fact, and none were given.  The case was tried without the intervention of a jury.  A motion for new trial was filed

and overruled, and the case is now before us upon the record above indicated. No further facts need be stated.

It will be observed from the statement of facts that appellant relied in part upon the Statute of Limitations to sustain his claim to the lands in question, and that he introduced evidence tending to show that he had been in possession of the lands above described a sufficient length of time for possession to have ripened into title. It will also be observed that respondent introduced no evidence to the contrary. The case was a law case, tried to the court without the aid of a jury, as stated, no declarations of law or findings of fact were asked by appellant, and none were given.

Respondent now contends that the finding of the trial court upon the questions of fact involved precludes a review of the evidence by this court, and that the judgment must for that reason be affirmed. This contention must be sustained upon the authority of a long line of cases beginning with Bryan v. Wear, 4 Mo. 106, and continuing down to the case of State ex rel. v. Sturgis, 276 Mo. 559, l. c. 570. Among many cases maintaining this doctrine, the following may be cited: Gannon v. Gas Co., 145 Mo. 502, l. c. 515; Johnson v. Grayson, 230 Mo. 380, l. c. 394; Printz v. Miller, 233 Mo. 47, l. c. 49; St. Louis v. Railroad, 248 Mo. 10, l. c. 25; State v. Frederici, 269 Mo. 689, l. c. 695, and Jordan v. Davis, 172 Mo. 599, l. c. 608. The reasons for this rule are set forth at length in the opinions in these cases, particularly in the Gannon case, and need not be repeated here.

A contrary doctrine was announced in Reichenbach v. Ellerbe, 115 Mo. 588, and in a few earlier cases, but the Reichenbach case seems not to have been followed since the decision in the Gannon case, and is no longer entitled to be considered as an authority in this State upon the point here involved. Since it does not seem, however, that Reichenbach v. Ellerbe has ever been expressly overruled, we now declare it overruled upon this question, to the end that it may no longer serve as a false light to the legal wayfarer.

With reference to the deed from Story and wife which appellant offered in evidence, it suffices to say that no showing is made that any title to the lands here involved was ever vested in Story, nor is this particular tract embraced, except possibly by inference, in the lands described in the Story deed.

Appellant relies upon the theory that this is a proceeding in equity and that, therefore, this court may review the facts. We have repeatedly held that cases of this character are cases at law when law issues only are tendered, and are in equity when equitable issues are tendered. [Lee v. Conran, 213 Mo. 404, l. c. 413; Hauser v. Murray, 256 Mo. 58, l. c. 84; Minor v. Burton, 228 Mo. 558, l. c. 562.] The issues in the case at bar are legal and not equitable in their nature, and hence the rules applicable to ordinary actions at law apply. In actions at law the weight even of undisputed parol evidence is for the triers of fact and their finding is conclusive on appeal. In this instance the trial judge was the trier of the facts, and his decision is to be treated, under the circumstances here shown, as the verdict of a properly instructed jury.

The rule above announced makes it necessary that the judgment of the trial court in this case should be affirmed, which is accordingly done. All concur except *Woodson, J.,* absent.