GILES HUNT and W. B. HUNT v. P. L. HUNT, Appellant.

Division Two, March 19, 1925.

1. **QUIETING TITLE:** Action at Law: Equitable Title: Mistake in Partition Deed.  In an action at law, brought under Section 1970, Revised Statutes 1919, wherein plaintiff claims that he is the equitable owner of the real estate in dispute, the legal title of which is in defendant by virtue of a partition deed, which, through mistake of fact and contrary to a prior written contract between the parties, was erroneously made to contain lands belonging to plaintiff, the court, upon a finding of the facts to be as plaintiff alleges, may adjudge and decree that said lands belong to plaintiff,

without requiring him to resort to a suit in equity to reform the deed.

*Held*, by WHITE, J., dissenting, that, as the petition states simply an action at law, and the answer, while setting up an equitable defense, asks no equitable relief, the trial court had no jurisdiction to decree that by mutual mistake the defendant had acquired title to land which belonged to the plaintiff and to divest said title out of defendant and vest it in plaintiff, for the action continued to be one at law, triable by a jury.

2. ——: ——: **Better Title.** In an action at law to determine title, based on the statute, the court is simply called upon to ascertain and determine from the facts whether plaintiff or defendant, as between themselves, has the better title to the real estate in dispute, and decree accordingly.

*Held*, by WHITE, J., dissenting, that the decree must be measured by the pleadings, and where the pleadings make the case an action at law the court does not have jurisdiction to grant plaintiff equitable relief on the theory that he has the better title, although the facts show that he is entitled to recover, but before he can have such relief the pleadings must be so reformed as to state an equitable ground for relief.

3. ——: ——: **Appellate Practice.** In an action at law to determine title, the finding of the trial court, if supported by substantial evidence, is conclusive as to such facts on appeal.

4. **BRIEF: Statement.** A failure of appellant in his brief to make a fair and concise statement of the facts of the case without reiteration, statement of law or argument will warrant a dismissal of his appeal.

5. **QUIETING TITLE: Sufficient Finding.** A finding by the trial court that "while the record title to" a certain tract of land described "is in the defendant, the defendant is not the true and lawful owner of the following part of said land" (describing it), but "that the plaintiff is in fact the true and lawful owner" of said part. "and is entitled to the possession of same, free and clear of any right, claim or title of the defendant in and to the same," is sufficient to support a decree adjudging said part to plaintiff.

*Held*, by WHITE, J., dissenting, that a decree divesting the record title out of defendant and vesting it in plaintiff cannot be rendered unless the pleadings bring the case within the equitable jurisdiction of the court.

6. ——: **Evidence After Submission of Case.** Where the court, at the conclusion of the evidence, made an order, without objection, that the county surveyor make a survey of the lands "in accor-

dance with the contract exhibited, in evidence purporting to make a partition of the lands" and to "report to this court," and thereafter the surveyor made the survey, and, without objection, filed the same, and thereafter defendant made no objection to said report or asked leave to examine the surveyor, but did request the court to make a finding of facts in writing and when that was done submitted some declarations of law, one of which was refused and the others not passed on, and the only objection made by defendant was an exception to the court's finding upon the law and the facts, he is in no position on appeal to contend that the surveyor's report was not introduced in evidence and was inadmissible, or to contend that the trial court erred in considering said report in determining whether a mistake had been made in including lands in the partition deed contrary to said contract.

7. **APPEAL: Assignments.** The duty devolves upon appellant to set out matters of which complaint is made, or state the substance thereof, or refer to the place in the record where such matters may be found. Assignments which consist of generalities and conclusions of law, unaccompanied by any statement of facts, are not only not sufficient, but warrant a disregard of them.

Citations to Headnotes: 1 and 2, Quieting Title, 32 Cyc. 1381, 1374; 3 and 4, Appeal and Error, 4 C. J. 2853, 1811; 5, Quieting Title, 32 Cyc. 1376; 6 and 7, Appeal and Error, 3 C. J. 730, 767, 1588.

Appeal from St. Francois Circuit Court.—*Hon. Peter H. Huck,* Judge.

AFFIRMED.

*Benj. H. Marbury* for appellant.

(1) The evidence given at the trial of the case on behalf of plaintiff is not sufficient to warrant the relief given by the court's judgment, and his findings of fact were erroneous. Russ v. Hope, 265 Mo. 644; Stewart v. Lead Co., 200 Mo. 281; Charles v. White, 214 Mo. 188; Harrison Machine Works v. Burns, 200 Mo. 219; Gratton v. Holliday-Klotz L. Co., 189 Mo. 322; Secs. 1305, 1309, R. S. 1919; 32 Cyc. 1344 et seq; 30 Cyc. 153 et seq.; Mather v. Walsh, 107 Mo. 121. (2 Under all the evidence at the trial defendant was entitled to prevail. Kilpatrick

v. Wiley, 197 Mo. 123; Skillman v. Clardy, 256 Mo. 297; Stone v. Ry. Co., 169 S. W. 88; Harvey v. Long, 168 S. W. 708; Ledbetter v. Phillips, 187 S. W. 9; Wimpey v. Lawrence, 208 S. W. 54; Turner v. Hines, 248 S. W. 933; H. & St. J. Railroad Co. v. Clark, 68 Mo. 371. (3) The report, plat and findings of the surveyor were not introduced in evidence and the same were inadmissible, being incompetent and being collateral matter without sworn statement or affidavit as to correctness, and the court erred in considering and taking them into account in his judgment. Lumber Co. v. Ripley Co., 270 Mo. 121; Sec. 1971, R. S. 1919; Powell v. Crow, 204 Mo. 481; 33 Cyc. 1139 et seq., and note 62 on page 1143; Newcomb v. Payne, 250 S. W. 553; Kellerman Contracting Co. v. C. H. W. Co., 137 Mo. App. 392. (4) All the evidence in the case was not sufficient to impeach the integrity of the mutual partition of the land by the parties which should and does conclude the parties to this action. Sutton v. Porter, 119 Mo. 100; Bonapart v. Roderman, 24 Mo. 385, 399; Gulich v. Huntley, 144 Mo. 241, 249; Edwards v. Latimer, 183 Mo. 626; Nave v. Smith, 95 Mo. 595; Troll v. St. Louis, 257 Mo. 626; 30 Cyc. 153 et seq. and 165. (5) Plaintiffs are concluded by the doctrine of estoppel. 21 C. J. 1067, notes 86 to 93; 21 C. J. 1077, notes 83 to 84; 21 C. J. 1088, sec. 68, note 91; Summitt v. City Realty Co., 208 Mo. 501; Steele v. Culver, 158 Mo. 136; 30 Cyc. 164, (G) and 168. (6) Plaintiffs' evidence was insufficient to avoid the force of the ten-year Statute of Limitations, which is a complete defense to plaintiffs' action. Haarstick v. Gabriel, 200 Mo. 237; Stone v. Perkins, 217 Mo. 585; Secs. 1305, 1309, R. S. 1919; Ernsting v. Gleason, 137 Mo. 594; Mangold v. Phillips, 186 S. W. 988; Scannell v. Am. Co., 161 Mo. 606; Franklin v. Cunningham, 187 Mo. 184; Farris v. Coleman, 103 Mo. 352; 32 Cyc. 1344, notes 70 to 74; 25 Cyc. 963 et seq. (7) Plaintiffs' action was and is a collateral attack on the mutual partitioning of the land by the parties carrying out the will of the common source of title, followed by execution and delivery of the deeds between them and by long, exclusive

and continuous possession and occupancy of the land by the defendant. 30 Cyc. 153 et seq.; Hayes v. Marsh, 123 Iowa, 81, 98 N. W. 604; Gulick v. Huntley, 144 Mo. 241; Sutton v. Porter, 119 Mo. 100; 30 Cyc. 158 (D); Castevens v. Castevens, 227 Ill. 547, 118 Am. St. 291; Phelps v. Harris, 101 U. S. 370, 25 L. Ed. 855; Edwards v. Latimer, 183 Mo. 610; Nave v. Smith, 95 Mo. 596; Jackson v. Hasbrauck, 3 Johns. (N. Y.) 331; 30 Cyc. 158 (D) and 165 (I).

*J. B. Burks* and *B. H. Boyer* for respondents.

(1) Appellant complains that the trial court erred in considering, as evidence, the report of Surveyor Holman. Too late; no such point was made in the motion for new trial. The finding of fact by the court, being supported by evidence, is conclusive on appeal. Dowd v. Bond, 199 S. W. 955. (2) Appellant now invokes the doctrine of estoppel. This cannot be, as no such defense was pleaded. Throckmorten v. Pence, 121 Mo. 60; Creek v. Railway, 293 Mo. 541. (3) Whether appellant's refused instructions were good, bad or indifferent, is not necessary here to discuss. The court's findings and judgment sufficiently disclose the theory on which the cause was tried and decided. Armour v. Lewis, 252 Mo. 568. (4) Section 1970, is highly remedial and plaintiffs were entitled thereunder to have their title and interest, in any part of the lands claimed by defendant, determined. Ball v. Woolfolk, 175 Mo. 278; Utter v. Sidman, 170 Mo. 284; Dowd v. Bond, 199 S. W. 954. (5) Plaintiffs' cause of action is not barred by the ten-year Statute of Limitations. Peper v. Trust Co., 219 S. W. 947; Armor v. Frey, 253 Mo. 474; Powell v. Powell, 267 Mo. 117; Klein v. Groeschner, 280 Mo. 599. Moreover defendant was never in the continuous, open, hostile and exclusive possession of the lands adjudged to plaintiffs. On the contrary his acts and conduct, up to one year prior to suit, tended to recognize the rights of plaintiffs in said strip of land as tenants in common. Hynes v. Hynes,

253 Mo. 20; Stone v. Perkins, 217 Mo. 586. (6) Parole partitions are only upheld when the divisions are fair and equal. Sutton v. Porter, 119 Mo. 100.

RAILEY, C.—On July 18, 1919, the above named plaintiffs filed in the Circuit Court of St. Francois County an action *at law* against above named defendant, to quiet title to 82.26 acres of land, more or less, located in said county and described in the petition.

It is alleged in petition that the real estate aforesaid is in possession of defendant, and that most of it is in cultivation; that defendant claims some title, estate or interest in said premises, the nature and character of which claim is unknown to plaintiffs, and cannot be further described herein, except that same is adverse and prejudicial to the interest of plaintiffs. The petition concludes with a prayer, in which the court is asked to ascertain and determine the title and interest of plaintiffs and defendant herein to the real estate aforesaid, and to determine, define and adjudge by its judgment and decree the title and interests of plaintiffs and defendant respectively in and to the real estate aforesaid.

The answer contained a general denial, and further alleged that the land described in plaintiffs' petition was mutually partitioned on June 26, 1889, among the then co-tenants, W. B. Hunt, J. D. Hunt, P. L. Hunt and Giles Hunt, and the land described in petition given to the defendant; that thereafter deeds were executed and delivered in compliance with said mutual agreement. The answer further avers that plaintiffs are barred by Section 1879, Revised Statutes 1909 (Sec. 1305, R. S. 1919); that defendant has been, for more than ten years before the commencement of this action, under a claim of ownership, in the actual, open, hostile, exclusive, adverse, uninterrupted and continuous possession of the lands described in petition. Wherefore he prays to be dismissed with his costs.

The reply is a general denial, etc.

The case was tried by Judge Huck without a jury on December 11, 1919. On May 13, 1920, at the conclusion

of the trial, the court, without objection, made and entered of record the following order:

"Now, at this day, it is ordered by the court that the County Surveyor, Thomas Holman, survey the lands in accordance with the *contract* exhibited in evidence purporting to make a partition of the lands of John G. Hunt among the heirs; and it is further ordered that the County Surveyor make a report to this court, and the costs be taxed in equal parts against the parties of this suit."

On June 5, 1920, the County Surveyor aforesaid filed in the circuit court, *without objection,* his report, pursuant to above order, which is incorporated in the bill of exceptions and as a part of the court's finding of the facts. On December 8, 1920, counsel for defendant filed a motion, under the provisions of Section 1402, Revised Statutes 1919, requesting the court to render a separate finding as to the law and facts in the case. Counsel for defendant also submitted three declarations of law to the court, numbered 1, 2 and 3. The court refused defendant's instruction one and did not pass on the other two. The court in its finding of facts, without objection, adopted as a part of said findings the report of surveyor Holman. At the conclusion of said finding of facts the following appears: "To which finding of facts and law the defendant, by his counsel, then and there objected and excepted."

No objection was made to the report of the surveyor, nor was any objection made to it being adopted as part of the court's finding of facts.

On said December 10, 1920, the court entered of record the following judgment and decree herein:

"Pursuant to the submission heretofore had in the above cause, the court now proceeds by its decree to ascertain, determine and adjudge the right, title and interest of the parties in and to the following described real estate situate in subdivision of U. S. Survey No. 2969, Townships 35 and 36 north, Range 5 east, County of St. Francois, State of Missouri, to-wit: Lot 55, contain-

ing 43.20 acres, less one acre in the southeast corner thereof heretofore disposed of; Lot 54, containing 38.35 acres, and a strip of ground containing 5.61 acres off the east end of Lot 51 of said subdivision.

"That while the record title to the above lands is in defendant, the court finds that defendant is not the true and lawful owner of the following part of said land, to-wit: The east part of said Lot 51 aforesaid containing 5.61 acres, described as follows: Beginning at the southeast corner of said Lot 51, running thence north 82½ degrees west 2.69 chains; thence north 7½ degrees east 20.40 chains to north line of said Lot 51; thence south 82½ degrees east 2.69 chains to the northeast corner of Lot 51; thence south 7½ degrees west 20.40 chains to the beginning. Also the west part of said Lot 54 in the said subdivision, described as follows: Beginning at the southwest corner of said Lot 54 and running south 82 degrees 30 minutes east 20.32 chains; thence north 82 degrees 30 minutes west 4.65 chains to the northwest corner of said Lot 54; thence south 7 degrees 30 minutes west 20.32 chains to the beginning, containing 8.73 acres, and containing in all 14.34 acres. That plaintiff, Giles Hunt, is in fact the true and lawful owner of said 14.34 acres and is entitled to the possession of same free and clear of any right, claim or title of the said defendant or of co-plaintiff, W. B. Hunt, in and to the same. That said defendant is the true and lawful owner of all the remainder of Lot 54 lying east of said 8.73-acre tract and all of Lot 55 aforesaid except the one-acre tract heretofore disposed of as aforesaid.

"Wherefore, it is ordered and decreed by the court that all the right, title and interest or claim of right or title of defendant in and to the aforesaid lands situate in subdivision of U. S. Survey No. 2969, aforesaid, to-wit: The east part of said Lot 51 aforesaid, containing 5.61 acres, described as follows: Beginning at the southeast corner of said Lot 51, running thence north 82 degrees west 2.69 chains; thence north 7½ degrees east 20.40 chains to the north line of said Lot 51; thence south 82½ degrees east 6.69 chains to the northeast corner of

said Lot 51; thence south 7½ degrees west 20.40 chains to the beginning. Also the west part of said Lot 54 in said subdivision, described as follows: Beginning at the southwest corner of said Lot 54 and running south 82 degrees 30 minutes east 20.32 chains; thence north 82 degrees 30 minutes west 4.65 chains to the northwest corner of said Lot 54; thence south 7 degrees 30 minutes west 20.32 chains to the beginning, containing 8.73 acres and containing in all 14.34 acres, all being situate in the County of St. Francois, State of Missouri, be, and the same hereby is, divested out of defendant and full and complete title and right to the possession of said lands is hereby decreed and vested in plaintiff Giles Hunt.

"It is further ordered and decreed that plaintiff have and recover his costs herein."

The testimony tends to show that John G. Hunt, the common source of title, died intestate about October 15, 1880, the owner of the lands in controversy, together with other lands in St. Francois County, Missouri, the net acreage of all of said land being about 208.07 acres. At the time of his death, said John G. Hunt left seven heirs, consisting of plaintiffs, the defendant, H. P. Hunt, J. D. Hunt and S. W. Hunt as sons, and Sarah Bumpass (Stallings), a niece, each of whom inherited a one-seventh interest in said land. In 1884 Sarah Bumpass conveyed her undivided one-seventh interest to plaintiffs, the defendant, J. D. Hunt and S. W. Hunt, giving to each of the five an additional one-fifth of a one-seventh interest in said land. In 1885 Giles Hunt, P. L. Hunt, J. D. Hunt and S. W. Hunt bought the one-seventh interest of H. P. Hunt aforesaid, each thereby acquiring a one-fourth of a one-seventh interest in said land. On June 26, 1889, W. B. Hunt, J. D. Hunt, S. W. Hunt, P. L. Hunt and Giles Hunt, the owners of all of said lands, entered into an agreement as follows:

"We, the undersigned heirs to the estate of the late John G. Hunt, agree to make the following division of said property, to-wit:

"Wm. B. Hunt is to have one-seventh and one-fifth of a seventh of said estate to be located adjoining the

land he now owns, including the eastern half or portion of Lot No. 52.

"P. L. Hunt is to have one-seventh, one-fifth of a seventh, and one-fourth of seventh indicated as follows: Commencing at the extreme eastern boundary of said estate and running west to a line to be ascertained by the survey that will be necessary to find just what number of acres each party to this agreement is entitled to, including Lot No. 55.

"S. W. Hunt is to have one-seventh, one-fifth of a seventh and one-fourth of a seventh located just west of and adjoining P. L. Hunt's portion, lines to be as found by survey mentioned above.

"Giles Hunt to have one-seventh, one-fifth of a seventh and one-fourth of a seventh located west of S. W. Hunt's and including parts of lots Nos. 49, 51 and 52.

"J. D. Hunt is to have one-seventh, one-fifth of a seventh and one-fourth of a seventh west of S. W. Hunt's line and including parts of lots Nos. 49, 51 and 52.

"J. D. Hunt and Giles Hunt by special agreement dividing their portion to their own satisfaction provided each shall have an equal share of timbered land.

"And further provided that should there at any time prior to the final survey and settlement in accordance with this agreement be any discovery of lead or other minerals on any of said lands that each and all shall have an interest equal to his interest in said land.

"This property is located in the State of Missouri, County of St. Francois and St. Francois Township.

"Agreed to and signed by all parties this the 26th day of June, A. D. 1889."

No division of said land under the above agreement was had until 1905. In the meantime, during the year 1894, S. W. Hunt died intestate, leaving as his heirs his four brothers aforesaid, and Mary Hunt, his widow, who, in 1895, conveyed her dower interest in the lands of her husband, which descended to him as heir of John G. Hunt. In December, 1894, plaintiff, Giles Hunt, purchased the interest of J. D. Hunt. Later and prior to

1905, defendant purchased the interest of all the heirs aforesaid of S. W. Hunt, except the interest of plaintiffs, and acquired thereby a four-sixth part of S. W. Hunt's interest, in addition to the dower interest of the widow aforesaid, in that part of the land descending to him from said John G. Hunt.

It is alleged by respondents, and not controverted, that the widow of S. W. Hunt died prior to 1905.

Various deeds between the parties were offered in evidence, but as there is no controversy over them they are not set out in full.

It appears from the record that at the time of the division of said lands in 1905, the title thereto had passed into the hands of plaintiffs and defendant.

The evidence, taken as a whole, clearly indicates that according to the acreage in the partition deeds made by Surveyor Asbury, mentioned in evidence, he included in the deed to defendant all the interest which plaintiffs acquired as heirs of S. W. Hunt. The deed does not in terms mention the interest of plaintiffs derived by descent from S. W. Hunt, yet the acreage shows it was included. The evidence tends to show that this was without the knowledge and consent of plaintiffs, and contrary to the spirit of the agreement between the parties when executed in 1889, as heretofore set out.

There is some evidence in the record tending to show, in behalf of defendant, that the partition deeds were not based on the agreement, but there is strong, substantial evidence sustaining the finding of the court to the contrary. Upon a full consideration of the case, we are of the opinion, that the findings of fact made by the court are sustained by substantial testimony.

Appellant, in due time, filed motions for a new trial and in arrest of judgment. Both motions were overruled, and he was granted an appeal to this court.

Such other matters as may be deemed important, will be considered in the opinion.

I. This is an action at law, to quiet title to the real estate in controversy under the provisions of Section 1970, Revised Statutes 1919, which reads as follows:

"Any person claiming any title, estate or interest in real property, whether the same be legal or equitable, certain or contingent, present or in reversion, or remainder, whether in possession or not, may institute an action against any person or persons having or claiming to have any title, estate or interest in such property, whether in possession or not, to ascertain and determine the estate, title and interest of said parties, respectively, in such real estate, and to define and adjudge by its judgment or decree the title, estate and interest of the parties severally in and to such real property. And upon the trial of such cause, if same be asked for in the pleadings of either party, the court may hear and finally determine any and all rights, claims, interests, liens and demands whatsoever of the parties, or of any one of them, concerning or affecting said real property, and may award full and complete relief, whether legal or equitable, to the several parties, and to each of them, as fully and with the same force and effect as the court might or could in any other or different action brought by the parties, or any one of them, to enforce any such right, claim, interest, lien or demand, and the judgment or decree of the court when so rendered shall be as effectual between the parties thereto as if rendered in any other, different or separate action prosecuted thereof."

The plaintiffs are not proceeding in equity to reform the partition deed made to defendant under the contract of 1889, but maintain the position that they are the equitable owners of the real estate in dispute, the legal title to which is in defendant by virtue of the partition deed. The plaintiffs contend, and the court has found, that through mistake of fact, and contrary to the agreement of the parties made in 1889, the partition deed made to defendant erroneously contains certain land belonging to plaintiffs, which was not intended to be conveyed. The court, therefore, in disposing of the case as an action at law, was vested, under Section 1970 supra, with jurisdiction to ascertain and determine from the facts, whether the equitable title of plaintiffs should prevail

*Equitable Title: Action at Law.*

over the legal title of defendant held under said partition deed.

The action of the court in finding the issues for plaintiffs, based on their equitable title to said land, is supported by substantial evidence, and sustained by sound principles of law. [McCune v. Graves, 273 Mo. l. c. 593-4, 201 S. W. l. c. 896; Rhodes v. Outcalt, 48 Mo. 367; Welton v. Tizzard, 15 Iowa, 495; 10 R. C. L. sec. 133, pages 383-4.]

(a)  In a proceeding of this character, under Section 1970 supra, the trial court is simply called upon to ascertain and determine from the facts, whether the plaintiffs or defendant have the better title to the real estate in controversy as between themselves. [Brooks v. Roberts, 195 S. W. l. c. 1021 and cases cited; Dowd v. Bond, 199 S. W. (Mo.) 954; Deal v. Lee, 233 S. W. (Mo.) l. c. 1055; Barnett v. Hastain, 256 S. W. (Mo.) l. c. 752.]

(b)  The finding of the issues in behalf of plaintiffs, is abundantly sustained by substantial evidence as above indicated, and is conclusive as to such facts, on appeal to this court in an action at law. [Miller v. Corpman, 257 S. W. l. c. 429 and cases cited; Barnett v. Hastain, 256 S. W. l. c. 752 and cases cited; Barr v. Stone, 242 S. W. (Mo.) l. c. 663; Black v. Howerton, 237 S. W. (Mo.) l. c. 473; Union Trust Co. v. Hill, 283 Mo. 278, 223 S. W. 434; Cowan v. Young, 282 Mo. l. c. 45, 220 S. W. l. c. 872; Hayes v. McLaughlin, 217 S. W. (Mo.) l. c. 264.]

II.  Appellants' so-called statement fails to comply with the requirements of Rule 15 of this court, which **Statement.** provides that his brief should contain "a fair and concise statement of the facts of the case without reiteration, statements of law, or argument." Rule 16 provides that a failure to comply with the provisions of Rule 15 will warrant the court in dismissing the appeal. [Royal v. K. C. W. Ry. Co., 190 S. W. (Mo.) 573; Smith v. Newhouse, 199 S. W. (Mo.) l. c. 940; Crockett v. K. C. Rys. Co., 243 S. W. (Mo.) l. c. 905; Longan

v. K. C. Rys. Co., 253 S. W. (Mo.) l. c. 760.] A clear and concise statement of the facts in a case of this character is of great benefit to the court in reaching a correct conclusion as to the issues involved and the contention of counsel with respect to same. Having reached the conclusion, after a careful examination of the whole case, that appellant is here without any substantial defense, we prefer to pass upon the merits of the controversy, rather than dismiss the appeal for failure of appellant to make a proper statement of the case.

III. Under propositions one and two of his brief appellant contends that the findings of the court are insufficient to sustain the judgment. We have made a very full statement of the facts, and have reached the conclusion that the findings of the trial court are fully sustained by substantial evidence. The above contentions are accordingly overruled.

<small>Sufficient Finding.</small>

IV. Appellant contends that the report, plat and findings of the county surveyor were not introduced in evidence and were inadmissible. He further contends that the court erred in considering same and taking them into account in his judgment.

<small>Evidence After Submission of Case.</small>

We presume that the court directed the county surveyor to take the contract made by the parties in interest in 1889, and to survey the land in order to ascertain whether a mistake had been made by the former surveyor in preparing the partition deed to defendant (Sec. 11299, R. S. 1909). Appellant made no objection to the order of the court directing the surveyor to make his survey and report the same to the court. On June 5, 1920, the surveyor filed his report, as surveyor, in the circuit court, and no objection was made to its being filed or considered by the court. Nor did defendant file any objection to said report or ask leave to examine the surveyor in respect to same.

Thereafter, on December 8, 1920, with the surveyor's report on file, counsel for defendant filed in this cause

a motion requesting the court to make a finding in writing of the law and the facts separately. On December 10, 1920, counsel for defendant, submitted to the court three declarations of law numbered 1, 2 and 3. Number one was refused and the other two were not passed on. The court, on said December 10, 1920, made its findings of law and facts, which were filed in said court, and which included the report of the surveyor. The only objection which defendant made to said findings was at the conclusion of same, and incorporated in the record, as follows: "To which finding of facts and law the defendant, by his counsel, then and there at the time duly objected and excepted."

It will be observed that appellant made no objection anywhere along the line to the appointment of the surveyor, nor was any objection made to the right of the court to consider the surveyor's report in passing on the case. Aside from the foregoing the appellant, in his motion for a new trial, does not complain of the court's action in appointing the surveyor and adopting his report. It is fair to assume that appellant was satisfied with said report or he would have interposed some objection thereto. He is in no position, however, by reason of the foregoing, to charge the court with error in respect to said matter. The above assignment is accordingly overruled.

V. The appellant not only failed to present a proper statement of the case, as required by Rule 15 aforesaid, but has utterly ignored the former rulings of this court, which require the appellant in his "Points and Authorities" to either set out the matters complained of, or state the substance thereof, and refer to the place in the record where such matters can be found. [Barnett v. Hastain, 256 S. W. (Mo.) l. c. 753 and cases cited; State v. Yates, 252 S. W. (Mo.) l. c. 644; School District v. Phoenix Land & Imp. Co., 297 Mo. l. c. 343-4, 249 S. W. l. c. 54; Maloney v. U. Rys. Co., 237 S. W. (Mo.) l. c. 512; Nevins v. Gilliland, 290 Mo. l. c. 300-1, 234 S. W. l. c. 820; State v. Stenzel, 220 S. W.

*Assignments.*

(Mo.) l. c. 884; Christine v. Luyties, 280 Mo. l. c. 431, 217 S. W. l. c. 60; State v. Whitsett, 232 Mo. l. c. 529-30; State v. Holden, 203 Mo. 581.]

Numerous decisions of the courts of appeals are in full accord with the foregoing authorities. The brief of appellant in this case, consists of seven paragraphs, numbered from one to seven inclusive, and, leaving out the authorities cited, read as follows:

"1. The evidence given at the trial of the case on behalf of plaintiffs is not sufficient to warrant the relief given by the court's judgment, and his findings of fact were erroneous.

"2. Under all the evidence at the trial defendant was entitled to prevail.

"3. The report, plat and findings of the surveyor were not introduced in evidence and the same were inadmissible, being incompetent and being collateral matter without sworn statement or affidavit as to correctness, and the court erred in considering and taking them into account in his judgment.

"4. All the evidence in the case was not sufficient to impeach the integrity of the mutual partition of the land by the parties which should and does conclude the parties to this action.

"5. Plaintiffs are concluded by the doctrine of estoppel.

"6. Plaintiffs' evidence was insufficient to avoid the force of the ten-year Statute of Limitations, which is a complete defense to plaintiffs' action.

"7. Plaintiffs' action was and is a collateral attack on the mutual partitioning of the land by the parties carrying out the will of the common source of title, followed by execution and delivery of the deeds between them and by long, exclusive and continuous possession and occupancy of the land by the defendant."

Paragraph 3 has been disposed of in the former part of this opinion. The statement of the case is couched in the same glittering generalities and conclusions as the foregoing propositions. The brief contains no argument

undertaking to point where any of these matters referred to can be found in the record. We should keep in mind the fact, that in an action at law, tried before the court without a jury, the findings of the court as to the facts are conclusive here if supported by any substantial evidence. With the laboring oar devolving upon appellant to point out the facts disclosed by the record, which he claims are insufficient to sustain the court's findings, has he met the requirements of the law, as evidenced by our rulings, in simply setting out legal conclusions, instead of the facts necessary to sustain his contentions?

The most casual reading of appellant's propositions, in connection with the requirements of the law as promulgated in the foregoing authorities, warrants us in refusing to consider these questions further. The rules of procedure, pointed out in the foregoing authorities, if followed by counsel in briefing their cases, will not only relieve the court of a vast amount of work, but insure a more accurate idea of the facts in the case and the contentions of counsel relating to same.

VI. Upon a full consideration of all the questions presented, we find no reversible error in the record of which appellant can legally complain. The judgment of the trial court is sustained by substantial evidence, and is accordingly affirmed. *Higbee, C.,* concurs.

PER CURIAM:—The foregoing opinion of Railey, C., is adopted as the opinion of the court. All of the judges concur, except *White, J.,* who dissents in an opinion filed.

WHITE, J. (dissenting).—I am obliged to dissent from the conclusion reached by Railey, C., in this case, because the action is one at law and the relief granted by the judgment is purely equitable.

The character of the action brought under Section 1970, Revised Statutes 1919, to determine title, is settled by the issues which the pleadings raise. If the petition

states an action in equity, or, if the answer pleads equitable defenses and asks affirmative relief, it is an action in equity with all the incidents of an equitable proceeding, including a right to equitable relief. If the suit is an action at law, all the incidents of an action at law will pertain to it, including the right of the trial by jury, etc. [Sawyer v. French, 290 Mo. 1. c. 384; Hauser v. Murray, 256 Mo. 1. c. 84; Citizens Trust Co. v. Going, 288 Mo. 1. c. 511; Koehler v. Rowland, 275 Mo. 1. c. 581.]

The petition in this case states simply an action at law. The answer sets up an equitable defense, but asks no equitable relief, therefore it is strictly an action at law under the authorities cited. The judgment of the trial court, however, on finding apparently that by mutual mistake the defendant had acquired title to land which belonged to the plaintiff, proceeded to divest the title of defendant and vest the same in the plaintiff, Giles Hunt, which the court, under the pleadings, had no right to do.

The learned Commissioner very ably collated the authorities and stated the principle of law pertaining to the facts in this case, and correctly reached the conclusion that on the facts the plaintiff is entitled to recover.

While we should be extremely liberal in granting all the relief which the circumstances of the case warrant, we are not authorized to violate the rules of pleading in granting relief to which the petitioner is not entitled on the allegations of his petition. To do so would be to break down at once all rules of pleading, so that there need be no precision of statement in stating the case, and no certainty as to what issues might be tried under a given pleading.

Section 1970 allows anyone claiming an *interest* in real estate to bring his action under that section. The judgment of the trial court under the pleadings should have been to determine the rights and interests of the parties and adjudge that interest, which would in fact establish an equitable title and not a legal title in the plaintiff, Giles Hunt.

In this view of the case it is unnecessary to consider the defects in the abstract of the record, or even consider whether there is any proper bill of exceptions, because the error appears on the record proper.

The judgment should be reversed and the cause remanded and the trial court either may enter judgment in accordance with the pleadings, or may permit plaintiffs to amend their petition so as to pray for equitable relief and try the case again.