J. H. BECHT, Appellant, v. W. H. JOHNSON and ROBERTA JOHNSON. —62 S. W. (2d) 847.

Division One, August 3, 1933.

*Arthur J. Freund* and *Rush H. Limbaugh* for appellant.

422

*Ward & Reeves* for respondents.

FRANK, P. J.—Action by plaintiff, appellant here, to determine title and to recover possession of certain real estate. The petition is in two counts, the first to determine title and the second in ejectment. The answer to the first count admits that defendants claim title and further alleges that defendants are and were the owners of and in possession of the property, and prays the court to determine and adjudicate the title. The answer to the second count was a

general denial. The finding and judgment was against the plaintiff and in favor of defendants on both counts of the petition, and was in favor of defendants and against plaintiff on the affirmative relief prayed for in defendants' answer. Plaintiff appealed.

Mrs. M. L. Johnson acquired title to the property in question by warranty deed from defendants on March 15, 1920, at which time she gave a mortgage back to Roberta M. Johnson, one of the defendants, to secure the payment of $2,500, which represented the full purchase price of the land. On May 5, 1922, this deed of trust was released for the purpose of permitting the then owner, Mrs. M. L. Johnson, to borrow $2,000 from the Aladdin Home Loan and Investment Company and secure same by a first deed of trust on the property, all of which was done on said May 5, 1922. On the same day the owner, Mrs. M. L. Johnson, gave Roberta M. Johnson a second deed of trust on the property to secure the payment of two notes aggregating $1,174.02 which amount represented the balance due on the original purchase price of $2,500 with interest, less the $2,000 borrowed from the Aladdin Home Loan and Investment Company. On August 14, 1923, Mrs. M. L. Johnson, the owner, conveyed the property to Roberta M. Johnson for a stated consideration of $1,275, no mention being made of the two deeds of trust on the property.

Plaintiff's claim of title is based upon the deed of trust given by Mrs. M. L. Johnson to the Aladdin Home Loan and Investment Company on May 5, 1922, and the trustee's deed given to him as purchaser of said property at a foreclosure sale had under said deed of trust on November 6, 1928.

Defendants' claim of title is based on a sheriff's deed dated December 19, 1924, conveying said property to defendants as purchasers thereof at an execution sale under judgments in attachment suits brought by Rose Torin and Marietta Henly against Roberta M. Johnson, the trustees of the Aladdin Home Loan and Investment Company, the trustees of the Home and Savings 'Organization, Mrs. M. L. Johnson, the Hawkins Mortgage Company, Morton S. Hawkins and Clyde Farrow, trustee in the deed of trust. The attachment suits were brought prior to the time Mrs. M. L. Johnson conveyed the property to Roberta M. Johnson. The plaintiffs in the attachment suits sought to recover payments on stock bought by them from the Aladdin Home Loan and Investment Company on the ground that the sale of such stock was part of a scheme to defraud. Attachment writs were issued in aid of said suits. Roberta M. Johnson, the owner of the property was summoned as garnishee. She answered admitting that she owed $1,418.85 on the $2,000 note given to the Aladdin Home Loan and Investment Company and secured by a deed of trust on the property.

When the cause came on for hearing, it appearing that defendant, M. L. Johnson, the maker of the $2,000 note, had sold the property

to Roberta M. Johnson, garnishee, the cause was dismissed as to her. The attachment was then sustained and judgment rendered on the merits against the other defendants above named and against the garnishee. Execution issued on this judgment and the property was sold thereunder to Roberta M. Johnson on December 19, 1924.

The Aladdin Home Loan and Investment Company made the $2,000 loan on the property and was the original owner of the note. It appears from the record that after making the loan on May 5, 1922, the Aladdin Company merged with the Security Home and Savings Organization on November 24, 1922, and the latter company became the consolidated organization, and acquired the assets of the Aladdin Home Loan and Investment Company by reason of said merger. Thereafter on May 4, 1923, the Commissioner of Finance of the State of Missouri was appointed receiver for the Security Home and Savings Organization.

Plaintiff contends that when the two companies merged, the title to the $2,000 note passed to the Security Home and Savings Organization by reason of the merger, and when a receiver was appointed for said organization, possession and control of the note passed to the receiver. Further contention is made that the receiver was a necessary party to the attachment suits, and, not having been made a party thereto, the judgment therein did not affect or destroy the lien of the deed of trust on the property securing the payment of the $2,000 note.

On the other hand, defendants contend there was substantial evidence tending to show that at the time of the institution of the attachment suits, and at the time judgments were rendered therein, the $2,000 note and deed of trust securing it were in possession of and owned by the Hawkins Mortgage Company, a defendant in the attachment suits.

There is no direct evidence in the record that the Aladdin Home Loan and Investment Company, the original owner of the $2,000 note, owned it at the time the two companies merged, or at any time thereafter, or that title to the note passed to the Security Home and Savings Organization by reason of the merger. While original ownership of the note by the Aladdin Company would warrant an inference that it continued to own the note until the two companies merged, evidence tending to show the contrary would make that question an issue of fact to be determined by the trier of the facts.

Plaintiff's attorney was a witness in the case. He testified that one Morton S. Hawkins was the controlling owner of the Security Home and Savings Institution, and was also the head of the Hawkins Mortgage Company. On direct examination this witness further testified that in May, 1923, prior to the time the attachment suits were filed, the officers of the Security Home and Savings Organization

learned of the contemplated suits, and removed all of the assets of the company to Portland, Indiana; that the removal of the assets was engineered by Morton S. Hawkins; that the note and deed of trust were in the possession of Hawkins in Indiana from May, 1923, until May, 1924.

In this connection, it is well to state that there was no direct evidence that the note was among the assets which were removed to Indiana.

█ The sole question presented by plaintiff in varying forms is that the judgment of the trial court was erroneous because the receiver of the Security Home and Savings Organization was not made a party to the attachment suits. The receiver was not a necessary party to these suits unless the Security Home and Savings Organization owned the note and deed of trust at the times in question. The burden was on the plaintiff to prove that fact. As we read the record, there was substantial evidence tending to prove that the Security Home and Savings Organization never acquired title to the note. It is true that the Aladdin Home Loan and Investment Company made the $2,000 loan and was, therefore, the original owner of the note. It is also true that when the Aladdin Home Loan and Investment Company merged with the Security Home and Savings Organization, title to the assets of the former company passed to the latter, but there was no direct evidence that the $2,000 note was a part of the assets of the Aladdin Home Loan and Investment Company at the time of the merger, or that it was owned by the Security Home and Savings Organization at the time the attachment suits were instituted or when judgment was rendered therein. Plaintiff's attorney testified that when he went to Portland, Indiana, and arranged to have the securities returned to St. Louis, the note in question was among them, but his evidence on cross-examination tended to show that what he meant by that statement was that the note in question was among the securities which he found in the possession of Morton S. Hawkins. He testified that Hawkins held the note but he did not know in what capacity he held it, whether as an individual or as a representative of the Hawkins Mortgage Company or the Security Home and Savings Organization. Hawkins was controlling owner of the Security Home and Savings Organization, and "head" of the Hawkins Mortgage Company. During the progress of the trial plaintiff admitted that payments on the deed of trust in question were made to and received by the Hawkins Mortgage Company for the months of April, May and June, 1923.

█ Conceding, without deciding, that the evidence tended to show that the Security Home and Savings Organization acquired title to the note by reason of its merger with the Aladdin Home and Investment Company, the former owner of the note, other evidence offered by plaintiff tending to show the contrary must be considered.

There was no direct evidence that the Aladdin Home Loan and Investment Company still owned the note at the time of its merger with the Security Home and Savings Organization, or that the note was ever delivered to the latter organization. On the contrary, plaintiff's evidence was to the effect that the Security Home and Savings Organization never had possession of the note; that about one year after the receiver was appointed plaintiff's attorney discovered the note in the possession of Morton S. Hawkins, the "head" of the Hawkins Mortgage Company, but did not know the capacity in which he held it, whether as an individual or as representative of one or the other of the two companies. During the progress of the trial plaintiff admitted that monthly payments on the note were made to and accepted by the Hawkins Mortgage Company. This evidence, if believed by the trial court, would warrant a finding that the Hawkins Mortgage Company was the owner of the note. If the Security Home and Investment Company did not own the note, its receiver had no interest in the attachment suits and was not a necessary party thereto. The trial court's finding for defendant necessarily included a finding that the receiver was not a necessary party to the attachment suits. This is a law action. Both parties asked that the title be adjudicated. Neither asked any equitable relief. [Hunt v. Hunt, 307 Mo. 375, 387, 270 S. W. 365, and cases cited.] Being a law action, the finding of the trial court based on substantial evidence is conclusive on us.

For the reasons stated, the judgment should be affirmed. It is so ordered. All concur.